Jo Ellen RAY, fna Jo Ellen Thomas, and State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Respondents,

v.

Edward THOMAS, Defendant and Appellant.

No. 18316.

Supreme Court of Utah.

June 10, 1983.

Bruce Robert Baird, Ogden, for defendant and appellant.

David L. Wilkinson, Salt Lake City, Max Lamph and Robert D. Barclay, Ogden, for plaintiffs and respondents.

PER CURIAM:

Defendant appeals from a judgment for arrearages in child support, payable to the clerk of the district court. The parties did not designate the record and there is no transcript of testimony, the only reference to which is contained in an "Agreed Statement of the Record on Appeal," authorized under Rule 75(o), Utah Rules of Civil Procedure.

In June, 1976, hearing was had on a petition for order to show cause instituted by the State of Utah concerning arrearages in defendant's child support payments. Defendant represented he had made said payments directly to the plaintiff. Upon request of the State of Utah that "confusion be avoided in the future as to whether defendant had been making payments or not," the court instructed and ordered defendant to pay further child support through the clerk of the court.

Defendant made but one payment to the clerk. At another hearing instituted to show cause why arrearages should not be paid, he again stated that he had made payments directly to the plaintiff at her request (in spite of the order to pay through the clerk). Defendant did not support his claim by cancelled checks, receipts, or sender's copy of money orders. The plaintiff acknowledged receipt of some payments from defendant, but could not say how many, in what amounts, or whether they coincided with periods when she received public assistance.[1] The trial court found as follows:

---

1. The record also reflects that she denied hav- ing asked the defendant to pay her directly.

Under the rules applied in decisions of the Utah Supreme Court on cases involving support arrearages, the defendant must prove payment by other than oral testimony and having failed to prove payment the State of Utah is entitled to a judgment in the sum of $3,975.

 The ruling obviously was directed to this case in isolation, and cannot be construed as a general rule applicable in every case, each of which is different and determinable on its own particular facts. The defendant does not attack the record as showing a factual insufficiency of the evidence to support the court's order. He simply says the court's finding lays down a general rule which is in error and the court's order should be remanded "for further proceedings." Such procedures merely would call for the making of a finding that would justify the order, or that would reflect a reversible abuse of discretion by the trial court. Such procedure is unnecessary here, since upon examining the evidence anew, as is the prerogative of this Court in a case like this, we are convinced and hold that there is ample, believable evidence, admitted by stipulation of the parties under Rule 75(*o*), to support the order.

The defendant invited such a review and such conclusion by the point urged on appeal: "Whether oral testimony of the support obligor, if believed, is sufficient to establish payment under a support order requiring payment through the clerk of the court." This quarrel was resolved by defendant's own admission that he had *not* made payment through the clerk of the court as ordered.

The order is affirmed.

HOWE, J., concurs in the result.